IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| CAROL EILEEN PARRISH<br><br>　　　Plaintiff,<br><br>v.<br><br>HUCKLEBERRY ENTERTAINMENT, LLC<br>d/b/a CATFISH BEND INN & SPA HOTEL;<br>PAT NELSON and BOB WINCKLER,<br><br>　　　Defendants. | CASE NO: 3:11-cv-00107<br><br><br>AMENDED COMPLAINT |

　　　COMES NOW the Plaintiff, Carol E. Parrish, by and through her attorney Jeffrey M. Lipman of Lipman Law Firm, P.C., located at 8450 Hickman Road, Suite 16, Clive, Iowa 50325, and for this cause of action states:

### I.　　　INTRODUCTION

　　　1.　　　That this is an action brought by Carol Parrish (hereinafter "Plaintiff") for damages arising from an alleged violation of her rights under the Americans With Disabilities Act (hereinafter "ADA"). Plaintiff asserts her rights were violated by Huckleberry Entertainment, LLC d/b/a Catfish Bend Inn & Spa hotel (hereinafter "Defendant Spa"), Pat Nelson (hereinafter "Defendant Nelson") and Bob Winckler (hereinafter "Defendant Winckler") when they refused to allow her access to the facilities of Defendant Spa because she could not provide proof to Defendant's satisfaction that the animal with her was a service animal. The service dog in question wore an appropriate service dog I.D. tag. Plaintiff brings this civil rights action to redress the deprivation of her rights secured to Plaintiff by provisions of the ADA and federal law. Plaintiff brings this action for a declaratory judgment, equitable relief and attorney's fees.

1

## II.     JURISDICTION AND VENUE

2. That jurisdiction is based upon 28 U.S.C. § 1331, in that it is a civil action arising under a question of federal law.

3. That venue is properly laid in the Southern District of Iowa pursuant to 28 U.S.C. § 1391(a), in that this is a civil action which is brought in the Federal Judicial District where Defendants reside and the acts complained of occurred.

## III.     PARTIES

4. That Plaintiff, Carol Eileen Parrish, at all material times hereto, was living at 1417 Summit Dr. in Pekin, IL 61554.

5. That Defendant, Huckleberry Entertainment, LLC d/b/a Catfish Bend Inn & Spa hotel, at all material times hereto, was a limited liability company registered in the State of Iowa whose office address is 3001 Wineguard Dr. in Burlington, IA 52601.

6. That Defendant, Pat Nelson, at all material times hereto, was employed by Defendant Spa as a manager on duty.

7. That Defendant, Bob Winckler, at all material times hereto, was employed by Defendant Spa as a assistant general manager.

## IV.     STATEMENT OF MATERIAL FACTS

8. That Plaintiff repleads the allegations contained in Paragraphs one (1) through seven (7) above and incorporates the same as if fully set forth herein.

9. That on or about January 17, 2010, Plaintiff was travelling with her sister, Bonnie Isaacs (hereinafter "Ms. Isaacs"), to stay at Defendant Spa in Burlington, Iowa.

10. That Plaintiff had with her a service dog.

11. That the service dog traveling with Plaintiff was a service dog under the guidelines of the ADA.

12. That Plaintiff, Ms. Isaacs, and the service dog arrived at Defendant Spa on or about the day of January 17, 2010.

13. That upon arrival Plaintiff and Ms. Isaacs, while in company of the service dog, were checked in and given a room by the desk clerk, Robert S. Wright (hereinafter "Mr. Wright").

14. That Plaintiff, Ms. Isaacs, and the service dog proceeded to the room provided by Mr. Wright.

15. That after roughly 5 minutes Defendant Nelson knocked on the door.

16. That upon answering the door, Defendant Nelson informed Plaintiff that she would not be able to stay at the Defendant Spa, and that she would have to gather her things and go to the front desk.

17. That Plaintiff was asked for proof that Plaintiff's service dog was indeed was a service dog.

18. That Plaintiff did not have with her an I.D. card or other documentation providing that the service dog was indeed a service dog. However, Plaintiff's service dog did possess identifications tags reflecting it was indeed a service dog.

19. That Defendant Nelson did make an inquiry as to what the nature of Plaintiff's disability was that required the service dog.

20. That Defendant Nelson did not, nor did any agent of Defendant Spa, make a task or function inquiry into Plaintiff's service dog's qualifications.

21. That Plaintiff was told by Defendant Nelson that because she could not provide adequate proof that her dog was a service dog, she would have to leave the premises of Defendant Spa.

22. That Plaintiff informed Defendant Nelson that her actions could warrant a complaint under the ADA.

23. That Defendant Nelson told Plaintiff she did not care where Plaintiff went.

24. That in regards to Plaintiff's statement about the complaint, Defendant Nelson told Plaintiff to do what she had to do.

25. That Plaintiff was forced to leave Defendant Spa due to her inability to provide proof to Defendant's satisfaction that her service dog was indeed a service dog.

26. That Plaintiff was traumatized by the events of that day.

## V.   COUNT I
## Violation of Plaintiff's Rights under the American's with Disabilities Act

27. That Plaintiff repleads the allegations contained in paragraphs 1 (one) through 26 (twenty-six) and incorporates the same as if fully set forth herein.

28. That "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

29. That under the ADA Defendant SPA is a "place of public accommodation." 28 C.F.R. § 36.104(1).

30. That "[a] public accommodation shall make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods,

services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the public accommodation can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations." 28 C.F.R. § 36.302(a).

31. That "[a] public accommodation may ask if the [service dog] is required because of a disability and what work or task the [service dog] has been trained to perform. A public accommodation shall not require documentation, such as proof that the animal has been certified, trained, or licensed as a service animal." 28 C.F.R. § 36.302(c)(6) (emphasis added).

32. That Defendant Nelson did not ask what work or task the service dog had been trained to do.

33. That Defendant Nelson requested and required Plaintiff to show documentation that her service dog had been trained, licensed or certified as a service animal in order to gain the benefits of Defendants goods, services and facilities.

34. That this action by Defendant Nelson violated 28 C.F.R. section 26.302(c)(6) in that Defendant Nelson may not require such documentation.

35. That in making Plaintiff leave the premises of Defendant Spa because Plaintiff could not provide the requested documentation, the Defendants failed to make reasonable modifications to their policies and procedures in order to afford Plaintiff its goods, services and facilities.

36. That this failure to make reasonable modifications was based upon Plaintiff's disability and denied her full and equal access to Defendant's goods, services and facilities.

37. That Plaintiff requests a trial by a jury of her peers in regards to Count I of this Complaint.

WHEREFORE, Plaintiff requests this court proceed with Count I of this Complaint for trial by a jury of Plaintiff's peers for a declaratory judgment, equitable relief and attorney's fees.

Respectfully Submitted,

*/s/ Jeffrey M. Lipman*
Jeffrey M. Lipman      AT0004738
LIPMAN LAW FIRM, P.C.
8450 Hickman Road, Ste 16
Des Moines, Iowa 50325
Phone: (515) 276-3411
Fax:    (515) 276-3736
Email:  lipmanlawfirm@aol.com
ATTORNEY FOR PLAINTIFF

Original Filed

Copy to:

Kristina M. Stanger
NYEMASTER, GOODE, WEST,
HANSELL & O'BRIEN, P.C.
700 Walnut St., Ste. 1600
Des Moines, IA 50309

Gerald L. Maatman, Jr., *pro hac vice*
Matthew Gagnon, *pro hac vice*
SEYFARTH SHAW LLP
131 S. Dearborn St., Ste. 2400
Chicago, IL 60603

ATTORNEY FOR DEFENDANTS

**Proof of Service**
The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on the 5th day of January, 2012.

| | | | |
|---|---|---|---|
| ____ | US Mail | ____ | Fax |
| ____ | Hand Delivery | ____ | Overnight Courier |
| ____ | Federal Express | ____ | Other |
| **X** | ECF System Participant (Electronic Service) | | |

Signature:_____*/s/ Jack W. Leverenz*_____